# STATE OF WEST VIRGINIA

# SUPREME COURT OF APPEALS

**WV MANUFACTURING,**
**Employer Below, Petitioner**

**vs.)** **No. 18-0542** (BOR Appeal No. 2052330)
(Claim No. 2017003464)

**DANNY ARTHUR,**
**Claimant Below, Respondent**

**FILED**

**November 15, 2018**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner WV Manufacturing, by Jane Ann Pancake and Jeffrey B. Brannon, its attorneys, appeals the decision of the West Virginia Workers' Compensation Board of Review.[1]

The issue on appeal is compensability. The claims administrator rejected the claim for bilateral carpal tunnel syndrome on November 2, 2016. The Office of Judges affirmed the decision in its November 8, 2017, Order. The Order was reversed by the Board of Review on May 10, 2018, and the claim was held compensable for bilateral carpal tunnel syndrome. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Arthur, a master mechanic, alleges that he developed bilateral carpal tunnel syndrome in the course of and resulting from his employment. Mr. Arthur had a previous claim for carpal tunnel syndrome on April 2, 1996. In the application for benefits, he alleged that the condition was the result of pulling cables and using an impact wrench at work. Mr. Arthur testified in a November 26, 1996, deposition that he worked as a crane mechanic which required inspecting cranes, repairing cranes, and ripping out gear boxes. This work required him to use

---

[1] A response was not filed on behalf of Danny Arthur.

hand tools for six hours a day. He used both impact wrenches and non-power tools. He also used a sledgehammer.

The claim was held compensable on April 23, 1998, by the Office of Judges. The Board of Review reversed the decision, and on April 28, 2000, this Court remanded the case to the Board of Review with instructions to hold the claim compensable for bilateral carpal tunnel syndrome and to authorize surgery if it was medically necessary. On July 6, 2003, Saghir Mir, M.D., performed an independent medical evaluation in which he noted that Mr. Arthur worked as a crane mechanic and had developed bilateral pain, numbness, and weakness in his hands. He diagnosed bilateral carpal tunnel syndrome. Mr. Arthur declined surgery. Dr. Mir found that he had reached MMI and assessed 5% impairment.

In the case at bar, Mr. Arthur was treated on April 11, 2016, by John Schmidt, M.D., for neck, shoulder, and bilateral arm pain. The symptoms had been present for a year. It was noted that Mr. Arthur was previously seen in 2013 for the same symptoms and cervical surgery was recommended but he chose conservative therapy instead. It was also noted that Mr. Arthur had a history of carpal tunnel syndrome and cervical pain. A cervical MRI taken on April 1, 2016, showed multilevel cervical spondylitic arthropathy. Dr. Schmidt diagnosed cervical spondylosis, cervical disc degeneration, and bilateral arm pain. An EMG performed on May 12, 2016, showed severe and moderate bilateral carpal tunnel syndrome. Dr. Schmidt recommended surgery which was performed on the left wrist on June 2, 2016. That day, Dr. Schmidt completed a short term disability form in which he stated that Mr. Arthur's bilateral carpal tunnel syndrome is the result of his work duties. In a June 16, 2016, treatment note, Dr. Schmidt noted that Mr. Arthur's left carpal tunnel release was successful. His job required heavy labor, and he was not yet able to return. Dr. Schmidt recommended he undergo right carpal tunnel release surgery and that surgery was performed on July 14, 2016.

On October 13, 2016, Prasadarao Mukkamala, M.D., performed an independent medical evaluation in which he noted that Mr. Arthur developed numbness and tingling in both hands in the spring of 2016. The claimant had similar symptoms in the past but they reoccurred in 2016. He underwent bilateral carpal tunnel releases, and his symptoms mostly resolved, with a little residual pain in his hands. Dr. Mukkamala found Mr. Arthur had reached maximum medical improvement and had no permanent impairment. He opined that the carpal tunnel syndrome was not occupationally related. Dr. Mukkamala stated that Mr. Arthur is a maintenance person and his work duties did not expose him to an increased risk of developing carpal tunnel syndrome. Mr. Arthur also had two nonoccupational risk factors for carpal tunnel syndrome in the form of advanced age and excess weight.

Mr. Arthur testified in a deposition on January 26, 2017, that he had worked as a maintenance man for the employer for forty-four years. His first eight years with the company were spent working on the bagging line. This required him to lift bags between twenty-five and fifty pounds, which put stress on his wrists. After that, he transitioned to maintenance work. His work has required him to lift heavy chains, work on cranes and furnaces, tear down boxes, change wheels, fix motors, and change crane cables. He has to use sockets, impact wrenches, and ratchets. Mr. Arthur testified that his hands and wrists are often in awkward positions when

working on cranes. He also sometimes uses a jackhammer. The impact wrenches, ratchets, and jackhammer vibrated his hands and wrists and required a lot of force, putting pressure on his hands and wrists. In 2016, Mr. Arthur stated that he developed pain and numbness in his hands. He testified that he had broken his wrist in the past. In 2014 or 2015, he started having pain from his neck to his right arm and was diagnosed with a cracked vertebra. Mr. Arthur stated that he tore both of his rotator cuffs and left bicep in 2009 and had two surgeries on his left shoulder and one on the right. Mr. Arthur admitted that he was previously diagnosed with bilateral carpal tunnel syndrome in 1996, filed a claim, and the claim was held compensable. He did not undergo surgery at that time.

The claims administrator rejected the claim on November 2, 2016. On November 8, 2017, the Office of Judges affirmed the decision. It found that Mr. Arthur has been a mechanic at the same job for forty-four years and though the name of the business changed, his job duties did not. He filed a carpal tunnel claim in 1996 and the claim was held compensable in 2000. Surgery was recommended in 1996, but Mr. Arthur declined. He was found to have reached maximum medical improvement in 2003 and was awarded a permanent partial disability award. Mr. Arthur continued to perform the same job until he filed a claim for carpal tunnel syndrome again in 2016. Dr. Schmidt diagnosed bilateral carpal tunnel syndrome and Mr. Arthur underwent surgery on both wrists.

The Office of Judges determined that the current claim for carpal tunnel syndrome represents an aggravation or progression of a preexisting condition rather than a discrete new occupational disease. Per *Gill v. City of Charleston* 236 W.Va. 737, 783 S.E.2d 857 (2016), a preexisting injury or disease cannot be added as a compensable component of a claim merely due to an aggravation or progression of the condition. The Office of Judges concluded that Mr. Arthur's bilateral carpal tunnel syndrome is a preexisting condition that progressively worsened over time and is therefore not compensable.

The Board of Review reversed the Office of Judges' Order and held the claim compensable for bilateral carpal tunnel syndrome on May 10, 2018. It found that Mr. Arthur filed a claim for carpal tunnel syndrome in 1996. He declined to have surgery and continued to work doing the same job as before. He testified in a deposition that his carpal tunnel syndrome quit bothering him. The current application for carpal tunnel syndrome was signed by Dr. Schmidt, who diagnosed occupationally related carpal tunnel syndrome. The Board of Review determined that the claims administrator rejected the claim based on Dr. Mukkamala's independent medical evaluation in which he opined that the condition was not work related. The Board of Review noted that the Office of Judges rejected the claim based on *Gill v. City of Charleston*. However, the Board of Review concluded that *Gill* does not apply in the case at hand. Specifically, *Gill* concerns a noncompensable preexisting injury. In this case, the preexisting condition was held compensable. Further, West Virginia Code § 23-4-1(b) provides that the term injury shall include occupational disease and benefits shall be paid to employees who contract an occupational disease or have suffered a perceptible aggravation of an existing occupational disease. Mr. Arthur worked for the employer for forty-four years, during which time he had to lift heavy chains; use sockets, wrenches, and impact tools; and operate a jackhammer. Most of the time he was working on cranes, his wrists were in awkward positions.

The Board of Review found that following his 1996 claim, Mr. Arthur had additional exposure to the hazards of carpal tunnel syndrome, and a preponderance of the evidence shows that the claim should be held compensable.

After review, we agree with the Board of Review. The Office of Judges was incorrect in its application of *Gill v City of Charleston,* which concerned the addition of compensable conditions to a claim and noncompensable preexisting conditions, neither of which are at issue in the case at hand. Mr. Arthur has shown that he developed carpal tunnel syndrome in the course of and resulting from his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:** November 15, 2018

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice Evan H. Jenkins
Justice Paul T. Farrell sitting by temporary assignment